Your Honor, and may it please the Court, Sean Kennedy on behalf of Mr. Marshall. Your Honor, I'd like to reserve one minute for rebuttal, and I'll try to keep track of the time. In this case, Mr. Marshall's motion, Faretta motion, was denied for the exact same reasons that Mr. Faretta's motion was denied in 1975. The trial judge who heard the issue said straight out that he was not going to allow Mr. Marshall to represent himself because he didn't have the training and skills of a lawyer, and so that's why it was denied. On top of that, he said that this is a three strikes case, and he wasn't going to let someone represent himself in a case of that magnitude. But the Court of Appeal found a different reason, correct? I don't know, Your Honor. I don't know what the Court of Appeal found. The magistrate – The Court of Appeal affirmed on a different – for a different reason. Well, they did affirm, but what they said is this, that he made no showing that his last-minute Faretta motion was somehow reasonable. That's right. It's a timeliness basis. That's not uncommon where the Court of Appeals will affirm on a reason other than that stated by the defender. Is there something that, to your knowledge, that they could not do that in this case? I believe they could not do that in this case, yes. And on what case – on what case do you have that an appellate court cannot affirm on a different ground than the trial court decided? Well, I didn't mean to say that. I misspoke, if that's – I think courts of appeal on many occasions can look at a legal ruling and say, that ruling is erroneous, but there's a legally admissible reason and we're going to affirm. What my quarrel is here is I don't think the Court of Appeal could do what it did here, which is say, first, we're going to ignore the fact that the trial judge who heard the motion had no understanding of Faretta. It appears, anyway. And then we're going to pretend that he exercised his discretion to deny the motion as untimely when that didn't happen. What case do you rely on for that? I don't have a specific case, Your Honor, but I do have the Supreme Court cases. And what I'd like to say is this. The Eighth Circuit has identified this problem in Hamilton and specifically held that it's appropriate for a State Court of Appeals to affirm on a different reason. Do you have a specific case that on this specific issue that would be different from Hamilton? I think I do. I think I do, Your Honor. I think every single Ninth Circuit case that discusses the Bright Line rule says just that. Well, you're going to the merits now rather than where – whether the Court of Appeal can affirm on a different basis. So let's go to that. The timeliness issue is what the Court of Appeals decided, and your position is that our Bright Line rule should apply. But this is a – this is a post-AEDPA case. And why would the – why would the State be bound in its proper interpretation of the Supreme Court by what the Ninth Circuit does in its circuit? These are tough questions, Your Honor. The first one I want to say is I do think that there are two Ninth Circuit cases that say the courts of appeal ought not to affirm based on a record that reveals that the trial court did not know the law and did not use that. And they're from our circuit, Bribiesca. Which cases? Bribiesca and Vanlin v. Farman. And I cite them both in my reply brief. And one actually deals specifically with Feretta. Now, to the substance is this. I don't think – you're right. I don't think it's a totally neat and clean application of the Bright Line rule after the AEDPA. But what I would say is this, Your Honor. The Supreme Court itself doesn't talk about time restrictions being part of the Feretta test. And if it really ever meant to do that, I wonder why in McCaskill, when he made his Feretta motion one day before the second trial, which is very similar to here, why they didn't bring that up. They seemed to assume that that was fine. And in Godinez, Godinez made his Feretta motion on the day he pled. So I think it's contrary to Supreme Court law. But even if it's not contrary to Supreme Court law, I think after Williams v. It's an unreasonable application of the Supreme Court law? Well, I think it's that, too. I think it's contrary because I don't think the Supreme Court has a time on this test. And it's wrong to impose it. If it doesn't have one, it can't be contrary to it. Well, I would say that if the Supreme Court has held that everyone who makes a trial Feretta motion has to be granted it, wouldn't it be contrary? But very often the Supreme Court dodges little issues. Okay. That's fair. And that's why I think we move to circuit law, which is under Williams v. Taylor, we have to look to our own circuit about how to apply the test. And this, in my opinion, and I hope in the Court's opinion, is an unreasonable application of the test because there is absolutely no reason for a finding of untimeliness or purposeful delay here. He gave a solid explanation for what happened and why he wanted to move to represent himself and why he was doing it now. And the trial court accepted it. And the trial court never gave any hint that he thought that this was untimely or unreasonable delay. And then we go to the Court of Appeal, Your Honors, and if it's all on the up and up, and I don't intend any disrespect to the California Court of Appeal, but if it really is all on the up and up, why doesn't the opinion recount what actually happened? Why is there this very cryptic statement? Well, an untimely motion can be denied if there's no showing of reasonableness when that isn't even at issue. Kennedy, the government says that there's a sentence in here at ER-9. They actually said ER-9 and ER-11, but I'm not sure I understand the reference, even what they're referring to in ER-11. But on ER-9, they say, oh, no, the trial court did talk about delay. And they quote lines 20 to 22. They say, it's not entirely unusual for people in your situation to attempt to avoid trial by asserting that their counsel or they lost confidence in their counsel. How do you respond to that? It's on ER-9, I think, Your Honor, and it's right. I think that the case prior to this one is when show what a tough row-to-hoe threat of defendants have in California court, because that is an example. That is probably the best basis that the State has, and it refers to an entirely separate motion, which, as before, was a Marsden motion. And it's really not fair to blur the two, because one is going to require a continuance. If you bring in a new lawyer, the lawyer is going to ask for a continuance. And I think the judge is right when he talks about that. But the second one doesn't require a continuance, and the judge doesn't even ask about it. If you want to invoke untimeliness in California, shouldn't we at least ask the  It's a little too late for me. It's not late under the Ninth Circuit rules, but it's late under me and my interpretation of California law. So if you're asking for a continuance, you're not going to get it. But if you're ready to go forward now, I guess I'm going to give it to you. And that is what is often done, and it wasn't done here, and it wasn't done because it isn't clear to me, at least, that the judge even understood FREDA. Some of the things that he says suggest that the trial judge who sees the case doesn't even understand the FREDA case. So he definitely blurred FREDA and Marsden. Go ahead. You mentioned the Van Linn case. I looked at it again. There, the reason that that Petitioner prevailed in this Court was that the State Court did not decide the case on the basis of timeliness. Yes. They were looking at the trial court and did not mention a court of appeal. Here we have a court of appeal specifically vesting a decision on timeliness. So does Van Linn help you at all on arguing that we can't look at the court of appeal decision? Not on all fours, it doesn't. You're right, Your Honor. It doesn't. It's not a complete decision. I don't even see a toenail. Well, can I say, my only thought is this. The State asked you to do what the California court of appeal did, and the Ninth Circuit – I don't mean you personally. I'm sorry, Your Honor. They asked the Ninth Circuit to do what the court of appeal did here, and this Court says, we don't want to do that. We're in a public court. I didn't do that in Van Linn. I don't see a reference in that case to a California court of appeal decision. No, there isn't. No, what I'm saying is when the Ninth Circuit was asked to step in and find new reasons that have nothing to do with what happened in State court, the Ninth Circuit was reluctant to do that. Well, except we review State court decisions in habeas. Here we have a State court decision that says timeliness, specifically says timeliness. And you were mentioning Van Linn as a way to walk around that State court decision. I'm suggesting Van Linn doesn't do it. Okay. If you don't like Van Linn, if the court doesn't like Van Linn, then I'd ask you to look at Ribiesca. It's not a solid. I don't have – you're right. I don't have anything that solidly addresses it. But as a decision-making process, I hope the court will be troubled by any appellate panel stepping in and writing an opinion that doesn't reflect what actually happened in the court, doesn't address what actually happened in the trial court, and bringing up a new issue that the petitioner had absolutely no chance to address. And if he had addressed it, he would have had answers. I wanted to save a moment, a minute for rebuttal. Well, I think we took up some of your time, so you can have a minute for rebuttal. I really appreciate that. Good morning. May it please the Court, Deputy Attorney General Peggy Tarwater, on behalf of the warden. Initially, respondent submits that California's requirement that in order to invoke the right to self-representation must be asserted within a reasonably timely manner is neither contrary to nor an unreasonable application of FRERETA. This Court in Moore has recognized the timeliness requirement of FRERETA, and in that case stated that timeliness was definitely a component of the ruling. Well, are you asking, if you ask us to look at our precedent, we also require a finding that it was made for purposes of delay, and that wasn't found by this Court of Appeal either. That's correct, Your Honor. So are you asking us only to look at parts of Ninth Circuit authority or all Ninth Circuit authority on point interpreting FRERETA? Well, Your Honor, I'm asking the Court to consider that this Court has indeed found that there is a timeliness component, and then to analyze the case under the AEDPA. Well, if we were to do that, then we would have to say that if we were to apply the timeliness component that the Ninth Circuit has required, then we would have to say that the California Court of Appeals was contrary to Supreme Court authority because the California Court of Appeals did not make any finding as to purposeful delay. I hope I'm answering the question, but I think Moore is very instructive on this point. In Moore, the Ninth Circuit analyzed the case under both Ninth Circuit authority pre-AEDPA and Ninth Circuit authority post-AEDPA, because in that case there was some question as to whether the AEDPA applied to the case. In analyzing the case under pre-AEDPA law, it's my understanding that the Court applied the Ninth Circuit bright-line timeliness rule, finding the jury impanelment rule. The Court then went on to analyze the case under what it termed the post-AEDPA standards and then described Feretta as requiring that there is a constitutional right to self-representation when that motion is made well before trial or weeks within trial. I don't think the Supreme Court has ever said that. Do you have a case where the Supreme Court has ever said that? Not directly at the Moore court and Feretta decisions, though. The holding of Feretta is that this defendant's motion, which was made well before trial, he was entitled to his right to represent himself. As the Moore court stated, the fact of timeliness was central to the court's – to the Feretta court's holding. Okay. And the Ninth Circuit has termed that the jury impanelment rule is – But Moore is also a Ninth Circuit case. Correct. So, you know, I'm having difficulty with your asking us to apply our interpretation of the Supreme Court authority to the California Court of Appeals ruling without applying our entire interpretation. I understand, Your Honor. That's a real kind of catch-22. I mean, I could see maybe a more persuasive argument based on the Supreme Court authority itself, but I can't see how you can pick and choose elements. Well, I think that Feretta is the only case that really deals with the issue. And I think that necessary to the Feretta court's holding was a reasonableness of the request, because the court cites that the motion was made, again, weeks before trial, and well before trial. And then the Ninth Circuit, in analyzing the case under the AEDPA, says, well, these facts are consistent with Feretta. That motion was made weeks before trial. And on that basis, found that the California court's decision was unreasonable. This case is a day-of-trial request. The Ninth Circuit has the jury empanelment rule. The California courts have a rule that states it must be within a reasonable time before trial. And most courts in California have held that either trial request or untimely. If he's not asking for any delay, if he's just simply saying, I want to represent myself, what difference does the jury empanelment rule make? I mean, if he – there's nothing in this record that says he wasn't willing to go forward that day. Well, respectfully, Your Honor, we would state that there is evidence in the record that indicates that he wanted to go look at some law books and that he intended for some delay. And where is that? Where is that in the record? That is at – let's see, at – I thought I had specifically marked it. Pardon me for just one moment. He says specifically, I will go – I will go look at some law books and I know the facts of the case. I'm sorry, Your Honor. Well, why don't you, after argument, why don't you just do a little note? I can quickly remind it, I'm sure. Yeah, after argument. It's okay. But in any event, the point is that there are slightly different requirements for timeliness in the California courts and in the Ninth Circuit. That doesn't make one or the other unreasonable. And under Petitioner's earlier argument that there's no timeliness requirement, that would render the Ninth Circuit – in my understanding of the argument, that would render the Ninth Circuit's timeliness requirement an unreasonable application of U.S. Supreme Court authority as well. This request was made the day before trial? This was made the day of trial while the jury was waiting. So the jury had been impaneled or just of an iris? The jury had not been impaneled. But in California, the request made at that time is untimely. And once it's untimely, then under California law, he must justify why it's later. The court has some discretion. The court can say, well, you've never had the opportunity to present this motion, so we're not going to hold that it's untimely. And that is what the California court of appeal is referring to when it says, Appellant presented no facts to show that his last-minute request was somehow reasonable. California's law is that the Moore case itself, when it got to the IDPA analysis, said that Moore was in the same position as Feretta himself. Absolutely. And that the request had been made weeks before trial. Absolutely, Your Honor. So it doesn't really approach the day-of-trial analysis. Correct. So Respondent submits that a motion in California made on the eve of trial, as this one was, is then untimely. And the defendant at that point no longer has a constitutional right to represent himself. The decisions thereafter are discretionary. Are you referring to the part in the transcript at ER-7 where the defendant is saying, Your Honor, this is a farce and a sham. I'm asking you something. This is my life here. You know, give me a questionnaire. If you want me to defend myself, I will defend myself. But I will at least spend the time and I know the facts of the case. Isn't that a – that's not a reference to he wants more time. What he's saying is the reason he's so dissatisfied with his counsel is that she's not spending the time and she doesn't know the facts. Is that what you're referring to? That's what I'm referring to. Okay. Thank you for finding it. Well, I would submit that there are different ways to interpret that sentence. But the California court's finding that his motion is untimely is amply supported by this record. And that finding is entitled to deference. As was discussed previously, the California court of appeal ruled in this case. It did not rule in Van Lynn. So that's the decision that is entitled to deference. And the California court of appeal's factual determinations are likewise entitled to deference as long as they're supported by the record. And as the district court found in this case, those findings were supported by the record. Let me just go through some of the things that happened in this case. Petitioner received his attorney in October. He was arraigned in November. He states there's evidence that he became dissatisfied with his attorney as early as the middle of December. In the trial court, he says he wrote a letter to his attorney because he was so frustrated with her around December 20th, I believe is the date. At the evidentiary hearing, he places his date of dissatisfaction around December 15th. He makes several appearances before the court. He's in the court on January 12th, January 26th. On January 27th, it appears that there were two separate appearances in two different courts. January 28th, the case is transferred for trial, and his attorney is ready to go. You're over your time. Do you want to? Oh, I'm sorry. We have the facts. Right. Do you want to take some time to sum up your argument? Thank you, Your Honor. To sum up, Respondent submits that California's rule requiring that a motion be made timely is not unreasonable, and further that the record in this case supports the district court order denying the writ be affirmed. Thank you very much. Thank you, counsel. Your Honors, what concerns me about this timeliness stuff is, first, I mean, we're talking about a sentence of 25 years to life in a trial that proceeded within 100 days of the information. There are three motions to continue. Two are because the defense counsel, the first is defense counsel needs more time to investigate priors. The second is she's engaged elsewhere. And the third is that Mr. Marshall fell off a bed and seriously injured his back. And the trial judge said, I don't blame you for that injury. So he didn't think Mr. Marshall was faking. He was in the hospital sick bay. Counsel confirmed that. What scares me most, though, is how FREDA motions work. They always come late. You know, as a public defender, I feel I fail every time a client makes a FREDA motion. But it always comes late because all of the important decisions are made as trial approaches. So many times they're going to be late for that reason because that's when the lawyer sees the client. All right. Thank you, counsel. Thank you. Marshall v. Taylor is submitted. And I gather we can now take up U.S. v. Pulliam. Yet a lengthy argument before Judge Priorson, I understand. Back to Pulliam now.
judges: Wallace, T. G. Nelson, Wardlaw